Thomas A. Aurelio, J.
Petitioner moves for review and annulment of the order denying her protest and for other relief.
The respondent determined that the apartment in question was subject to control pursuant to section 13 of the State Rent and Eviction Regulations. The subject apartment was rented to the tenant on June 29, 1956, for two years from July 1, 1956, to be used and occupied both for living and professional purposes, but predominantly for an artist’s studio, at a rental in excess of the maximum rent established for the apartment. Prior thereto the apartment was rented on July 31, 1951 for use as a writer’s studio, and again in 1952 it was rented for a similar purpose for a term ending June 30, 1956. Both lettings were in excess of the maximum rental for the apartment.
Petitioner contends that the apartment was decontrolled by reason of the prior two successive lettings to tenants for business use as writers. Upon the occasion of letting the unit to the present tenant for use as a dwelling and a studio, the petitioner failed to secure an order exempting the apartments from control as required by aforesaid section 13. Section 13 states specifically that “ Any housing accommodation subject to these Regulations which may be rented on or after May 1, 1955 for commercial or professional use shall continue to be subject to control and the landlord may not collect more than the maximum rent until an order is issued by the Administrator exempting the housing accommodations from these Regulations during the period of occupancy by the tenant.”
The renting of a dwelling apartment for a commercial use does not deprive a subsequent residential tenant of the protection of the State Residential Rent Law. It does not follow that, because a dwelling apartment was previously rented for a commercial or professional use, thereafter it is no longer subject to the rent regulations. The two previous lettings^ for a commercial use did not decontrol the apartment for all time. (See Matter of Schwartz v. Weaver, N. Y. L. J., Dec. 7, 1956, p. 8, col. 8 [Sup. Ct., N. Y. County, Special Term, Part I, Nathah, J.].)
Section 13 was enacted with the objective in mind to prevent unconscionable landlords from renting a dwelling apartment at *571 an increased rental regardless of whether the tenant actually needed the apartment for business purposes. Thus, the landlord was required to obtain an order from the Administrator exempting the apartment from the provisions of section 13 before she could collect more than the maximum rent. Upon the record presented, I conclude the Administrator was fully warranted in ruling that the apartment remains subject to the State Bent and Eviction Begulations. Accordingly, the motion is denied and the petition is dismissed.